UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STROLL TO THE POLLS, INC., Plaintiff, -against- ALPHA KAPPA ALPHA SORORITY, INC., Defendants. | No. 25 Civ. 7809 (ALC) |

## AMENDED COMPLAINT

Plaintiff Stroll to the Polls, Inc. ("Plaintiff"), through its counsel, Trachtman & Poler Law LLC, as and for its Amended Complaint against Alpha Kappa Alpha Sorority, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. By this action, Plaintiff seeks a judgment that the word mark it seeks to register – Stroll to the Polls (the "Mark") – functions as a trademark in International Class 25 and, therefore, contrary to the decision of the Trademark Trial and Appeal Board (the "TTAB"), is entitled to registration.

2. As set forth in more detail below, Plaintiff is entitled to this relief because, both before and after Defendant and others began widely using the phrase "stroll to the polls" in connection with voter engagement and get out the vote activities, Plaintiff or its predecessor used the Mark as a trademark.

3. Defendant's and third parties' use of "stroll to the polls" as a political slogan in the 2020 presidential election and thereafter does not alter this conclusion.

## THE PARTIES

4. Plaintiff Stroll to the Polls, Inc., is a New York State not-for-profit corporation doing business at 2266 Fifth Avenue, Suite #728, New York, NY 10037.

5. Defendant Alpha Kappa Alpha Sorority, Inc. is a not-for-profit corporation formed under the laws of the District of Columbia. On information and belief, Defendant's address is 5656 Stony Island Avenue, Chicago, IL 60637.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant pursuant to N.Y. CPLR §§ 301, 302.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## FACTS

### The Mark's Initial Use in Commerce

9. Ramona Prioleau ("Prioleau") is a member of Plaintiff's board of directors.

10. In or about late-2017, Prioleau decided to launch a line of active wear.

11. She selected the name "Stroll to the Polls" to distinguish her goods.

12. She selected it, in part, because she believed it would be beneficial for the brand to be associated with a cause.

13. This belief was based on the success of campaigns like Product Red, which raised money for the Global Fund to Fight AIDS, Tuberculosis and Malaria.

14. Prioleau first used the Mark in commerce in January 2018.

15. More specifically, starting in 2018, Prioleau used the Mark to sell apparel and develop a customer base at trunk shows, pop-up markets, and craft markets in the New York tri-state area.

16. Prioleau promoted the sale of these goods using marketing materials such as the ones attached as Exhibit A hereto.

**<u>The Mark Functions as a Trademark and the Application</u>**

17. The Mark's association with a cause, however, was not its sole purpose.

18. This is evidenced by the fact that the Mark was used in ways traditionally associated with a trademark. For example, in addition to appearing on Plaintiff's goods, Plaintiff used it on packaging materials.



19. It is also evidenced by the fact that the Mark was used year-round, not just in connection with elections. Indeed, Prioleau first sold goods bearing the Mark at events in the Winter of 2018 – far from any election or any election-related events.

20. It is further evidenced by the fact that the Mark, as used by Plaintiff, does not just appear in text on a tee-shirt or hat that can be read from a distance.

21. Instead, it appears in a variety of locations on Plaintiff's goods, some of which are quite subtle.




22. Based on this usage, Prioleau filed a trademark application on or about June 20, 2020.

23. This application, bearing Serial No. 90012428, sought registration of the Mark for use in connection with "Aprons; Bibs, not of paper; Bodysuits; Dresses; Footwear; Hats; Jackets and socks; Pants; Shirts; Skirts; Swimwear" (the "Application").[1]

24. In or about December 2020, Prioleau assigned the Application to Plaintiff.

**Defendant's Opposition**

25. On or about March 2, 2021, Defendant filed a notice of opposition to Plaintiff's Application.

26. By this proceeding, Defendant alleged, *inter alia*, that "[f]or many years prior to [Plaintiff's] 2018 alleged dates for first use, [Defendant] has been using the phrase 'STROLL TO THE POLLS' in an effort to get people to vote." (Ex. B, Notice of Opp. ¶ 3.) A true and correct copy of Defendant's Notice of Opposition and Exhibits thereto is attached hereto as Exhibit B.

27. It further asserted that "[o]ther members of the Divine Nine[2] have also used the tagline [stroll to the polls] in connection with voter engagement and registration prior to 2018. (*Id.*)

28. Despite these assertions, Defendant attached a single article showing its use of "stroll to the polls." Notably, this article was from November 2020, more than two years after Plaintiff's first use. (*Id.*, Ex. A.)

29. Indeed, in its Opposition, Defendant noted that Kamala Harris being on the ballot in 2020 had resulted in an "explosion of STROLL TO THE POLLS merchandise for sale." (*Id.* ¶ 5.)

---

[1] In an effort to cover a variety of possible business lines, Prioleau also initially sought to register the Mark for other categories of goods and services. Plaintiff has since abandoned those applications.

[2] The term the "Divine Nine" refers to nine historically African American sororities and fraternities.

30. Defendant opposed the Application claiming Plaintiff's use of the Mark "is likely to cause confusion, or to cause mistake, or deceive with respect to [Defendant's] prior use of and common law rights in STROLL TO THE POLLS . . . ." (*Id.* ¶ 13.)

31. Defendant further alleged that the Mark failed to function as a mark because it was an "informational political message . . ." or was "merely ornamental. . . ." (*Id.* ¶¶ 14-15.)

32. Subsequently, Defendant amended its opposition to remove its likelihood of confusion claim.

**<u>The Trademark Trial and Appeal's Board's Decision</u>**

33. In July 2025, the TTAB sustained Defendant's opposition. A true and correct copy of the TTAB's opinion (the "Opinion") is attached hereto as Exhibit C. In the Opinion, the TTAB concluded that the Mark failed to function as a trademark.

34. In reaching this conclusion, the TTAB pointed to a number of third-party goods bearing the phrase "stroll to the polls." (Ex. C at 24-28.)

35. Notably, with one exception, all of the events cited by the TTAB in the Opinion took place in 2020 or thereafter.

36. Moreover, in contrast to Plaintiff's use of the Mark, many of the third-party uses referenced include a specific call to action. For example, materials Defendant sold say "stroll to the polls it's a serious matter." (*Id.* at 15-16.)

## <u>AS AND FOR A FIRST CAUSE OF ACTION</u>
## (15 U.S.C. § 1071(b))

37. Plaintiff restates and realleges the matters set forth above as if set forth in full herein.

38. The TTAB erred in finding that the Plaintiff's Mark is merely an informational

message and fails to function as a mark.

39. On information and belief, for relevant consumers, Plaintiff is the clear and distinguishable source of origin for goods bearing the Mark.

40. This is evidenced by, among other things, Plaintiff's use of the Mark in a manner traditionally associated with a trademark.

41. Defendant's and other third-parties' use of "stroll to the polls" for voter engagement and registration in 2020 and thereafter does not alter this.

42. As such, Plaintiff respectfully requests that the TTAB's Opinion related to Section 45 of the Trademark Act be reversed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgement be entered in its favor and against Defendant as follows:

(A) Determining that Plaintiff is entitled to registration based on the Application;

(B) Awarding Plaintiff all attorneys' fees, costs and disbursements incurred by it in connection with this action; and

(C) Such other and further relief as the Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues contained in this Amended Complaint that are triable by a jury.

Dated: Brooklyn, New York
April 22, 2026

TRACHTMAN AND POLER LAW LLC

By: Emily A. Poler
Emily A. Poler

45 Main Street, Suite 810
Brooklyn, NY 11201
(212) 675-9060

emily@trachtmanpoler.com

*Attorneys for Plaintiff Stroll to the Polls, Inc.*